```
IN THE UNITED STATES DISTRICT COURT

       FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,   )   CR. NO. 07-00552 SOM
                            )
        Plaintiff,          )   ORDER DENYING DEFENDANT SHERI
                            )   LYNN BULACAN'S "MOTION FOR
    vs.                     )   MODIFICATION OR REDUCTION OF
                            )   SENTENCE BASED UPON
SHERI LYNN BULACAN,         )   RETROACTIVE GUIDELINE
                            )   AMENDMENT 782"
        Defendant.          )
_____)
```

### ORDER DENYING DEFENDANT SHERI LYNN BULACAN'S "MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE BASED UPON RETROACTIVE GUIDELINE AMENDMENT 782"

Defendant Sheri Lynn Bulacan pled guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and to conspiring to commit money laundering. Having been sentenced in 2009, she is presently serving her prison sentence of 168 months. She now moves for a reduction in her present sentence in light of Amendment 782, a sentencing guideline amendment that took effect on November 1, 2014, and that was then made retroactively applicable to cases in which sentences had been imposed prior to that date.

Bulacan is proceeding pro se. The court had previously appointed the Federal Public Defender's Office to represent Bulacan with respect to the sentencing guideline issue, but that appointment was terminated at the request of the FPD's Office after it notified Bulacan that it did not view her as eligible for a reduction in her sentence. See ECF Nos. 39, 42. Having

reviewed the memoranda submitted by Bulacan herself as well as the United States and having determined that no oral hearing is needed, this court denies Bulacan's motion because her guideline calculation is not affected by the recent guideline amendment.

As a result of Amendment 782, sentencing guideline calculations in eligible drug cases became more lenient. Amendment 782 achieved this through a two-level reduction in the offense levels listed in the drug quantity tables at § 2D1.1 and § 2D1.11 of the sentencing guidelines. Bulacan's sentencing guideline calculation, however, is not affected by Amendment 782, because the drug quantity attributed to her was so high that her guideline range remains unchanged even in the new drug quantity tables.

At the time Bulacan was sentenced in 2009, this court determined that her Total Offense Level was Level 41. This level took into account a Base Offense Level of Level 38 based on the amount of methamphetamine attributable to Bulacan, and enhancements to and reductions from that Base Offense Level. Base Offense Level 38 was the highest Base Offense Level in the Drug Quantity Table set forth in § 2D1.1(c)(1) of the 2007 sentencing guidelines, which were applied by the court when it sentenced Bulacan in 2009. Given Bulacan's criminal history, which placed her in Criminal History Category I, the advisory sentencing guideline range provided for a prison term between 324

months and 405 months.  The district court record reflects that the court then granted the Government's motion for downward departure based on Bulacan's substantial assistance and sentenced Bulacan to 168 months in prison, as evidenced by the judgment.

Bulacan's original Base Offense Level of Level 38 was calculated based on the determination that she was responsible for 140,616 grams of generic methamphetamine and 13,290 grams of ice.  Under the 2007 guidelines, Level 38 applied when a defendant was accountable for 15 kilograms or more of generic methamphetamine, 1.5 kilograms or more of actual methamphetamine, or 1.5 kilograms or more of ice.  The 140,616 grams of generic methamphetamine, being more than 140 kilograms, far exceeded the 15-kilogram threshold for generic methamphetamine.  Similarly, the 13,290 grams of ice, being more than 13 kilograms, far exceeded the 1.5-kilogram threshold for ice under Base Offense Level 38.

Moreover, the generic methamphetamine and the ice could be equated with comparable amounts of marijuana and then combined. The Drug Equivalency Tables in Application Note 10(E) to § 2D1.1 of the 2007 sentencing guidelines equated 140,616 grams of generic methamphetamine with 281,232 kilograms of marijuana, and equated 13,290 grams of ice with 132,900 kilograms of marijuana, as explained in paragraph 44 of the Presentence Investigation Report.  Added together, those amounts of equivalent marijuana

totaled 444,132 kilograms of marijuana.  Under § 2D1.1(c)(1) in the 2007 guidelines, Base Offense Level 38 applied when a defendant was accountable for at least 30,000 kilograms of marijuana.  Bulacan's equivalent marijuana amount was more than ten times that 30,000-kilogram threshold under the 2007 guidelines.

Bulacan argues that, pursuant to 18 U.S.C. § 3482(c), her guidelines should be recalculated in light of Amendment 782 and the 2014 guideline provisions.  The new guideline provisions assign Base Offense Level 36, a Base Offense Level two levels below the Base Offense Level assigned to Bulacan at sentencing, to the following drug quantities:  1) at least 15 but less than 45 kilograms of generic methamphetamine, (2) at least 1.5 kilograms but less than 4.5 kilograms of actual methamphetamine, (3) at least 1.5 kilograms but less than 4.5 kilograms of ice, or (4) at least 30,000 kilograms but less than 90,000 kilograms of marijuana.  The problem for Bulacan is that she so far exceeded the kilogram thresholds under the old guidelines that her total of 444,132 kilograms of marijuana now keeps her at Base Offense Level 38 even under the amended guidelines.  She cannot be viewed as entitled to the new Base Offense Level 36, because she is accountable for more than the maximum thresholds under the new Base Offense Level 36.

In Dillon v. United States, 560 U.S. 817, 827 (2010), the Court stated that, when guidelines are amended, the district court must begin by determining the amended guideline range that would have been applicable to the defendant "had the relevant amendment been in effect at the time of the initial sentencing." If this court had applied the 2014 amendment in sentencing Bulacan, this court would have calculated the Base Offense Level to be Base Offense Level 38, given the amount of drug attributable to her. Under the new guidelines, enhancements to and reductions from that Base Offense Level would have resulted in Total Offense Level 41, the same Total Offense Level calculated at the time of sentencing. With Criminal History Category I, Bulacan's guideline range would have remained at 324 to 405 months.

Although this court did not make an express finding of drug quantity at the time of sentencing, the Presentence Investigation Report, as noted above, listed specific drug quantities supporting the court's conclusion as to the Base Offense Level. Bulacan did not object to that drug quantity discussion.

In her plea agreement, she agreed, at paragraph 11(b), that she was responsible for 13.29 kilograms of actual methamphetamine and another 310 pounds of generic methamphetamine. Consistent with the record in this case, including the PSR and the plea agreement, this court now makes the supplemental factual finding

5

that Bulacan was responsible for 140,616 kilograms of generic methamphetamine and 13.29 kilograms of ice. These amounts, if combined, would be equivalent to 444,132 kilograms of marijuana. With these drug amounts, Bulacan remains at Base Offense Level 38 even under the new guidelines, and her Total Offense Level of 41 under the new guidelines and her Criminal History Category I are unchanged.

Bulacan notes that § 1B1.10(b)(2)(B) of the amended guidelines states:

> <u>Exception for Substantial Assistance</u>.---If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

Bulacan reads this guideline provision as entitling her to a reduction of her prison term given her substantial assistance. The court does not adopt that reading. The "exception for substantial assistance" calls for "a reduction comparably less than the amended guideline range." Bulacan's 168-month sentence was about 52% of the bottom of the old guideline range of 324 months to 405 months. The amended guideline range remains 324 to 405 months, so a "comparable reduction" in the amended guideline range would similarly be a reduction to about 52% of 324 months,

or the very same 168 months to which Bulacan was indeed sentenced.

This court thus denies Bulacan's motion for a reduction of her sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 28, 2015.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Sheri Lynn Bulacan, CR. NO. 07-00552 SOM
ORDER DENYING DEFENDANT SHERI LYNN BULACAN'S "MOTION FOR
MODIFICATION OR REDUCTION OF SENTENCE BASED UPON RETROACTIVE
GUIDELINE AMENDMENT 782"